**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DANNA FAISON,

    Plaintiff,

v.                              Case No.  8:10-cv-1711-T-30MAP

RONNIE EDWARDS, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon the Defendants' Motions to Dismiss Plaintiff's Amended Complaint (Dkts. #18 and #20) and Plaintiff's response (Dkt. #23). Upon consideration of the arguments and the relevant case law, the Court determines that Defendants' motions should be granted with leave for Plaintiff to amend consistent with the provisions of this Order.

Plaintiff's Amended Complaint asserts claims under the Americans with Disabilities Act (ADA), Florida Civil Rights Act (FCRA), Florida Workers' Compensation Law (Workers' Comp), and a 42 U.S.C. § 1983 claim against Defendant Ronnie Edwards (Edwards) individually. Plaintiff was a vocational teacher within the Florida Prison System working in Polk County, Florida. He alleges he suffers from asthma and that a leaking air conditioning unit caused mold to grow in his classroom exacerbating his asthma. He reported the problems to his supervisors and requested that he be moved into a different

location. He also filed for Workers' Comp benefits.

Plaintiff received Workers' Comp benefits for treatment of his severe breathing problems, but his several requests to be moved to a different location were denied. Plaintiff asserts that Edwards, the warden, told him he could not move to another room because that would be an admission of liability. Plaintiff does not say when this statement was made. The Workers' Comp benefits were stopped March 12, 2009, but Plaintiff remained out of work on sick leave.

While out on sick leave, Plaintiff obtained counsel. On June 19, 2009, his counsel served a request to produce on Polk Correctional Institution and on June 24, 2009, sent a letter to Florida's Workers' Compensation Division requesting reinstatement of benefits. On July 2, 2009, Defendant Edwards sent a letter to Plaintiff indicating that Plaintiff would be terminated for "inability to perform." On July 24, 2009, when Plaintiff returned from sick leave, he was terminated by Edwards.

## Standard of Review

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n. 43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## Discussion

It is difficult to address the individual counts in Plaintiff's Amended Complaint because each count, other than Count Four, combines more than one cause of action. This is troublesome because the claims raised apply differently to employers than to employees. Plaintiff is directed to properly separate his claims in the next amended complaint.

## Disability

Defendant contends, in part, that Plaintiff's Amended Complaint should be dismissed for failure to properly allege a disability. Plaintiff alleges that he has asthma which was exacerbated by the mold growing from the leaking air conditioning unit in his work area. Plaintiff does not go into detail about his particular asthma problems and does not allege that

his asthma substantially limits a major life activity, a required element of a disability. Plaintiff argues in response that, at the very least, the Amended Complaint asserts that the Plaintiff was "perceived" as having a disability which is sufficient to come within the protection of the ADA.

The Amended Complaint does allege that Edwards sent a letter to Plaintiff indicating that he would be terminated for "inability to perform." That can be taken as an allegation that Plaintiff was perceived by Edwards to be unable to perform his job because of his breathing difficulties. And, if asthma is severe enough to substantially limit an ability to work, it can be considered a disability under the ADA. *See Milton v. Bob Maddox Chrysler Plymouth, Inc.*, 868 F. Supp. 320 (S.D. Ga. 1994); *Horvath v. Savage Manufacturing, Inc.*, 18 F. Supp. 2d 1296 (D. Utah 1998); *Bazert v. State of Louisiana*, 768 So. 2d 279 (1st Cir. La. 2000).

This matter is better resolved at the summary judgment stage and will not serve as a basis for this dismissal.

### Plaintiff's ADA Claims

The ADA is a statutory scheme designed to remedy discrimination against persons with disabilities in three areas: employment, public services, and public accommodations. 42 U.S.C. §§ 12101-12213. The statutes are arranged in Subchapters. As to a disabled person, Subchapter I regulates discrimination with regard to the terms and conditions of employment, §§ 12111-12117; Subchapter II prohibits discrimination by any state or local government entity in public services, §§ 12131-12165; Subchapter III prohibits

discrimination in public accommodations, §§ 12181-12189; and Subchapter IV prohibits retaliation for reporting violations, § 12203. *Albra v. Advan, Inc.*, 490 F. 3d 826 (11th Cir. 2007).

In the Amended Complaint, Plaintiff alleges that both the State of Florida (State) and Edwards violated the ADA by failing to provide reasonable accommodations when he requested to be moved to a different room and retaliated against him by terminating his employment. First, individuals are not liable for violations of either the ADA employment discrimination provision (Subchapter I) or the retaliation provision (Subchapter IV). *Albra*, *supra*. Second, the State is amenable to suit for violations of Subchapters I and IV, but is immune from monetary damages. *Board of Trustees at the University of Alabama v. Garrett*, 531 U.S. 356, 121 S. Court. 955, 148 L. Ed. 2d 866 (2001). In *Garrett*, the Supreme Court held that the Eleventh Amendment bars suits in federal court by state employees to recover money damages by reason of the state's failure to comply with Subchapter I of the ADA, but this did not limit other relief in federal court.[1] This holding was extended to retaliation claims by the Eleventh Circuit in *Albra*. Therefore, these claims are dismissed with prejudice as to Edwards and the claim for monetary damages against the State is stricken.

---

[1] Since the employer here, the State of Florida, is protected from monetary damages by Eleventh Amendment immunity, it is not necessary to explain the labyrinthine path through the ADA statutes which end with the conclusion that the retaliation provisions of Subchapter IV do not provide for monetary damages as to any defendant. *See Kramer v. Banc of America Securities, LLC*, 355 F. 3d 961 (7th Cir. 2004), and the detailed analysis in *Alvarado v. Cajun Operating Company*, 588 F. 3d 1261 (9th Cir. 2009), and *Baker v. PPL Corporation*, 2010 W.L. 419417 (M.D. PA 2010). In saying monetary damages are not allowed under § 12203, the anti-retaliation statute, I acknowledge conflict within my own District. *See, Rumler v. Florida Dep't of Corrections*, 546 F. Supp. 2d 1334 (M.D. Fla. 2008).

## Florida Civil Rights Claim

As an alternative remedy, Plaintiff has sued Defendants under the FCRA. Like the ADA, the FCRA prohibits employment discrimination on the basis of an individual's handicap. *Florida Statutes* § 760.10(1)(A). The FCRA is construed in conformity with the ADA. *Byrd v. B.T. Crews, Inc.*, 948 So. 2d 921, 925 (Fla. 4th DCA 2007). And like the ADA, the FCRA has been held to provide liability for the employer, but not an employee. *Albra, supra.*

Therefore, the State may be liable under the FCRA, but not Edwards individually. Defendant Edwards is dismissed. The remedies available to Plaintiff under the FCRA are different from those of the ADA in that the State's Eleventh Amendment immunity is waived as to the FCRA claims. Therefore, Plaintiff may seek monetary damages against the State under the FCRA claim.

## Workers' Compensation Claims

Plaintiff asserts that both the State and Edwards have retaliated against him in violation of the Florida Workers' Compensation law. Plaintiff seeks relief under *Florida Statute* 440.205 which provides:

> **Coercion of employees.** – No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

*Florida Statute* § 440.02(16) defines "employer," in pertinent part, as follows:

> (16)(a) "Employer" means the state and all political subdivisions thereof, all public and quasi-public corporations therein, every person carrying on any

employment, and the legal representative of a deceased person or the receiver or trustees of any person. "Employer" also includes employment agencies, employee leasing companies, and similar agents who provide employees to other persons. If the employer is a corporation, parties in actual control of the corporation, including, but not limited to, the president, officers who exercise broad corporate powers, directors, and all shareholders who directly or indirectly own a controlling interest in the corporation, are considered the employer for the purposes of ss. 440.105, 440.106, and 440.107.

Under the foregoing definition, the State would constitute Plaintiff's employer, but Edwards would not. Edwards is not an officer, director, or shareholder of the State and, even if he were considered as such, that portion of the definition only applies to §§ 440.105, 440.106, and 440.107, not § 440.205 – the section under which Plaintiff brings this action. Therefore, Edwards is dismissed from this claim.

While the State acknowledges it may be liable for damages for the statutory retaliation claim, it contends that Plaintiff has no basis to claim attorneys' fees or punitive damages. Plaintiff responds that it is entitled to fees under the Workers' Comp fee statute, *Florida Statute* § 440.34. Interestingly, that statute is worded in the negative. That is, it provides that no attorneys' fees shall be paid except under certain specified instances. Those instances all seem to involve claims for medical or wage benefits under the Workers' Comp statutory framework. An anti-retaliation claim pursuant to *Florida Statute* § 440.205, like we have here, does not appear to fit within any of these specified provisions for attorneys' fees. Rather, courts have treated the claim as a separate statutory claim in the nature of an intentional tort. That interpretation is consistent with a party bringing a 440.205 anti-retaliation claim in a state or federal court, rather than before a judge of compensation claims.

Plaintiff's claim for attorneys' fees is therefore stricken.

As to punitive damages, the present law of Florida appears to be that private employers are subject to liability for punitive damages for a violation of *Florida Statute* § 440.205. *See Rease v. Anheuser-Busch, Inc.*, 644 So. 2d 1383 (1st DCA Fla. 1994) (holding that certain state of mind evidence should have been allowed against the employer because it may have supported plaintiff's punitive damage claim).

But the State of Florida is not liable like private employers. It enjoys sovereign immunity except where waived. In passing *Florida Statute* § 440.205, the legislature intended the State to be liable for a violation because the State is included in the definition of an "employer." But the legislature said nothing of the application of *Florida Statute* § 768.28, the waiver of sovereign immunity statute that expressly prohibits punitive damages against the State. *Florida Statute* § 768.28(5).

Because it is a statutory claim, not a common law tort, at least one Florida court has held that the waiver of sovereign immunity statute is not applicable to *Florida Statute* § 440.205. *Bifulco v. Patient Business & Financial Services, Inc.*, 997 So. 2d 1257 (Fla. 5th DCA 2009). The original purpose of the waiver of sovereign immunity statute was to apply to common law torts. *Trianon Park Condo. Ass'n, Inc. v. City of Hialeah*, 468 So. 2d 912, 917 (Fla. 1985). But this Court can find no instance where the State has knowingly subjected itself to liability for punitive damages.

In any event, this legal discussion is premature. Plaintiff has not alleged the requisite facts to support punitive damages. For example, there is no allegation of malice or reckless

disregard for Plaintiff's safety.  Therefore, Plaintiff's claim for punitive damages will be stricken for lack of supporting allegations with leave to amend, if possible.  Plaintiff is cautioned not to plead for punitive damages unless Plaintiff has a good faith belief that such facts are present.

### Section 1983 Claim

Plaintiff also brings a 42 U.S.C. § 1983 claim against Edwards individually.  Section 1983 provides a remedy for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  The Amended Complaint does not claim the violation of any constitutional rights.  Rather it claims the violation of the ADA, a federal law.  But the Eleventh Circuit has held that where Congress has adopted a specific remedial framework for a particular wrong, that framework forecloses an action under § 1983.  Specifically, the Eleventh Circuit has held the ADA forecloses an action under § 1983.  *Holbrook v. City of Alpharetta, Ga.*, 112 F. 3d 1522, 1531 (11th Cir. 1997).  That holding has been applied in this Court.  *McNa v. Communications Inter-local Agency*, 551 F. Supp. 2d 1343 (M.D. Fla. 2008).

Since Plaintiff's ADA claim bars a claim under § 1983, the § 1983 claim is dismissed.

### Conclusion

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motions to Dismiss Plaintiff's Amended Complaint (Dkts. #18 and #20) are GRANTED.

2. Plaintiff's Amended Complaint is dismissed. Plaintiff may amend the Complaint consistent with the provisions of this Order within twenty (20) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on January 5, 2011.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-1711.mtd 18 20.frm